# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Selene Danielle Arriaga, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No: 20-cv-4498 |
| Thomas J. Dart, Sheriff of Cook County, Illinois; The Northeast Regional Commuter Railroad Corporation d/b/a Metra; Cook County, Illinois; Marie Rangel, Joseph Perez; Paul Riggio; David Cammack; Theodore Stajura; and Timothy O'Donnell, | ) ) ) ) ) ) ) ) | The Honorable Judge Virginia Kendall Presiding

Magistrate Judge Maria Valdez |
| Defendants. | ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## COOK COUNTY DEFENDANTS' MOTION TO DISMISS

Defendants, Thomas J. Dart, in his official capacity as Sheriff of Cook County ("Sheriff Dart"), Marie Rangel, David Cammack, Theodore Stajura, and Timothy O'Donnell, and Cook County as indemnitor (together "Cook County Defendants"), by their attorney, Kimberly M. Foxx, State's Attorney of Cook County through her Assistant, Nazia Hasan, move this Honorable Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint with prejudice, in its entirety. In support of the motion, Cook County Defendants submit the following memorandum of law:

## INTRODUCTION

Plaintiff, Selene Arriaga is a transgender Metra police officer. See Dkt. 1, ¶ 4, 17. She attended the Cook County Sheriff's Police Academy ("the Academy") beginning in May 2018 as part of training for her job as a Metra employee. See Dkt. 1, ¶ 15. She graduated from the

1

Academy on August 27, 2018. See Dkt. 1, ¶ 16. Plaintiff alleges that a fellow recruit (not a Cook County Defendant) outed her as transgender "at or near the time she entered into" the Academy and "[f]rom the first day" of the Academy was subjected to adverse conditions. See Dkt. 1, ¶¶ 25, 44. She filed this complaint on July 31, 2020. See Dkt. 1. In addition to suing her employer Metra, she also sued the Cook County Defendants.

**FACTS RELEVANT TO CLAIMS AGAINST COOK COUNTY DEFENDANTS**

In addition to official capacity claims against Sheriff Dart, Plaintiff names Marie Rangel, Director of the Academy, Sergeant David Cammack, an Academy instructor, Theodore Stajura, Cook County Sheriff Deputy Police Chief, and Timothy O'Donnell, inspector for the Cook County Sheriff's Office, as Cook County Defendants. See Dkt. 1, ¶¶ 5, 6, 9, 11, 12.

Plaintiff alleges that a fellow Academy recruit (who is not a Cook County Defendant) disclosed her transgender status "before the start of the academy class, but in preparation for the class" to another recruit who was going through the Academy with Plaintiff, who later disclosed Plaintiff's status to others. See Dkt. 1, ¶¶ 34, 37-40. Without citing examples, Plaintiff alleges that "Defendants Cammack, Stajura, O'Donnell, Riggio, and Rangel failed to protect Plaintiff from the malicious anti-transgender conduct . . ." and "failed to supervise staff and cadets at the police academy . . ." *Id.* at ¶ 41-42. Plaintiff alleges that Sheriff Dart "had been concealing the fact that no one had been disciplined" for the conduct. *Id.* at ¶ 46.

In terms of specific conduct, Plaintiff alleges that Metra Police Deputy Chief Riggio "acting under color of law, without consent, informed various persons" including Rangel about Plaintiff's transgender status and that Cammack and Rangel "disclosed Plaintiff's transgender status to Cook County Police academy staff among others, and even to police chiefs in municipal police departments." *Id.* at ¶¶ 31, 33. The Complaint does not allege any facts surrounding the

2

circumstances of Cammack and Rangel's purported disclosure. The Complaint does not allege Stajura or O'Donnell made any disclosure. Additionally, Plaintiff does not allege that any of the Cook County Defendants personally treated Plaintiff improperly or had any personal involvement or discriminatory intent in their treatment of Plaintiff.

Plaintiff's Complaint has six counts: She claims that the Cook County Defendants violated her 14th Amendment substantive due process and equal protection rights under 42 U.S.C. § 1983 when they allegedly disclosed her transgender identity without her consent in derogation of her right of medical privacy. (Counts I and II). She also claims that the Cook County Defendants violated her 14th Amendment rights because they failed to supervise and did not protect her from sexual harassment and a hostile work environment. (Count III). Plaintiff also brings Illinois state law claims based on invasion of her right to privacy (Count IV) and negligence (Count V) against the individual defendants, , the Illinois Civil Rights Act against Sheriff Dart (Count VI), and a claim for Indemnification against Cook County, Illinois (Count VII). Each of these claims should be dismissed under Rule 12(b)(6) with prejudice.

## LEGAL STANDARD

A Rule 12(b)(6) motion seeks the dismissal of an action for "failure to state a claim upon which relief can be granted." *Id.* at 12(b)(6). To survive dismissal under 12(b)(6), a complaint must first comply with Rule 8(a) by providing "a short and plain statement," that establishes the grounds for the court's jurisdiction and shows "that the pleader is entitled to relief," such that the defendant is given "fair notice of the claim and "the grounds upon which it rests." Fed. R. Civ. P. 8(a)(1)-(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). The complaint must also "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550

3

U.S. at 570). "[L]egal conclusions and conclusory allegations merely reciting the elements of the claim," however, "are not entitled to [the] presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (internal citation omitted). Further, such allegations are insufficient to satisfy the notice that Rule 8 demands. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, to survive dismissal, a complaint must not contain allegations that establish an affirmative defense or preclude the plausibility of its claims. *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (affirmative defense).

## ARGUMENT

This Court should dismiss Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 ("§ 1983") because they are untimely and not plausibly pleaded. Additionally, these claims do not allege any personal conduct or discriminatory animus by any of the individual defendants that gives rise to liability. The state law claims are also time barred and because of qualified immunity and tort immunity. Plaintiff has not pleaded a claim for negligence and the Illinois Civil Rights Act and indemnification claims are not plausible based on the facts alleged.

### I. THIS COURT SHOULD DISMISS COUNTS I, II, AND III WITH PREJUDICE BECAUSE THEY ARE UNTIMELY.

Plaintiff's § 1983 claims are time barred because the complained of conduct occurred in May 2018 when she began her training at the Academy, over two years before she filed her complaint on July 31, 2020. The Plaintiff's attempt to extend the statute of limitations by alleging that she did not discover the *extent* of the disclosures is contradicted by the allegations of her complaint. See Dkt. 1, ¶ 28.

The statute of limitations for § 1983 claims is two years. *Lewis v. City of Chi.*, 914 F.3d 471, 478 (7th Cir. 2019). Because a statute of limitations provides an affirmative defense, a plaintiff is not required to plead facts in the complaint sufficient to anticipate and defeat

4

affirmative defenses asserted by a defendant. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). When a plaintiff's complaint, however, sets out all the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Id.*

The date that a plaintiff knew of should have known that her rights were violated is the relevant date for when a cause of action accrues under § 1983. *Kelly v. City of Chicago*, 4 F.3d 509 (7th Cir. 2007). In *Kelly*, the plaintiffs filed suit for alleged due process violations more than two years after the City of Chicago revoked their liquor license. *Id.* at 510. They appealed the revocation of the liquor license through the administrative process and the City of Chicago did not enforce the closure of the bar during the pending appeal. *Id.* The appeal failed, and the City of Chicago shut down the bar. *Id.* Within two years of the bar shutdown, the plaintiffs filed suit and alleged that the relevant injury occurred when the bar closed. *Id.* The *Kelly* plaintiffs' claims were dismissed as time barred, a decision the Seventh Circuit upheld, ruling that the date of the alleged constitutional violation is the date of the accrual of the action and the "proper focus is on the time of the *discriminatory act,* not the point at which the *consequences* of the act became painful." *Id.* at 512, *citing Chardon v. Fernandez*, 454 U.S. 6, 8 (emphasis in original). The court also rejected the application of the discovery rule to toll the date of accrual because the plaintiffs should have known that the alleged false statements made by police in criminal proceedings were false at the time that they were made in support of the revocation of the liquor license. *Id.* at 513.

Here, Plaintiff's purported Constitutional claims are grounded in what she claims was an improper disclosure of medical information that outed her as a transgender person. In her Complaint, Plaintiff alleges this disclosure occurred at the beginning of her time at the Academy. See Dkt. 1, ¶ 25. Her Academy class began in May 2018. See Dkt. 1, ¶ 15, 36. Plaintiff alleges that she was subject to harassment and taunting behavior by other trainees during her time at the

Academy as a result of this disclosure. See Dkt. 1, ¶ 28. The injury she complains of occurred in May 2018, she aware of such disclosure in May 2018. See Dkt. 1, ¶ 44. The discovery rule does not extend her time to file a § 1983 claim for damages. As a result, because she filed her Complaint more than two years after the disclosure, these claims are time barred.

## II. THE COURT SHOULD DISMISS COUNTS I, II, and III BECAUSE PLAINTIFF HAS NOT PROPERLY PLEADED THEM.

Even if the Court rules that certain claims are timely, this Court should dismiss Plaintiff's equal protection and due process claims under § 1983 against the Cook County Defendants because she has not properly pleaded them. There are insufficient allegations of personal conduct or discriminatory animus on behalf of any of the Cook County Defendants. Additionally, she has not pleaded facts to state a medical privacy disclosure claim.

### A. Plaintiff pleads no personal conduct attributable to the Cook County Defendants in Counts I, II or III.

It is well established that personal involvement is a prerequisite for individual liability in a §1983 action. *Wolfe-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997). "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a §1983 action unless he caused or participated in an alleged constitutional deprivation." *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir. 1998). "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Black v. Lane*, 22 F.3d 1395, 1401 and n. 8 (7th Cir. 1994) ("Where a complaint alleges no

6

specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

Plaintiff's claim fails to assert sufficient personal involvement by the individual Cook County Defendants. The most that Plaintiff alleges about any of the Cook County individual defendants is that someone *else* told Rangel and Cammack that Plaintiff was transgender and that subsequently Rangel and Cammack told other staff members at the Academy that information. See Dkt. 1, ¶ 31, 33. There is no mention of Stajura or O'Donnell's conduct at all except to say that they failed to supervise staff and cadets. See Dkt. 1, ¶¶ 41-43, 45.

These allegations simply do not meet the requirements to make a plausible claim for an equal protection claim or due process violations under § 1983 and the Court must dismiss these claims. As the Supreme Court held, "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *Deshaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195 (1989).

Here, all allegations of personal conduct of disclosure refer to the other trainees or recruits. See Dkt. 1, ¶¶ 34-40. Oddly, none of these individuals are named as Defendants. There is no conduct attributed to the Cook County Defendants that could plausibly state a claim under the standard set forth in *Iqbal*. The Cook County Defendants had no affirmative obligation to ensure that Plaintiff was not outed or talked about by the other trainees at the Academy,

7

especially since Plaintiff alleges that she was outed by a fellow cadet *before* she entered the Academy. See Dkt. 1, ¶34-37. For these reasons, Plaintiff fails to state a claim against the Cook County Defendants.

### B. Plaintiff does not plead that the Cook County Defendants disclosed her private medical information in Count I or III.

Plaintiff's claim that her private medical information was disclosed by the Cook County Defendants is unsupported by any allegations. Although Plaintiff may have a right to privacy regarding her medical information, there are no allegations in the Complaint that support her claims that any of the Cook County Defendants violated her rights.

This court has ruled that for a "constitutional privacy claim based on disclosure of medical information, the crucial factor is what information was actually disclosed, not what conclusions someone might reach based on his independent knowledge. *Levin v. Board of Education of Chicago*, 470 F. Supp. 2d 835, 842 (N.D. Ill. 2007). Here, there are no allegations of actual disclosure by any of the Cook County Defendants. The only allegation of disclosure of Plaintiff's private medical information is that Riggio, a non-CCSO Defendant, disclosed such information to Rangel and "top administration officials at the CCSO Police Academy." See Dkt. 1, ¶ 31. Plaintiff makes a conclusory allegation that Cammack and Rangel repeated that Plaintiff was transgender to unidentified staff members at the Academy and others. See Dkt. 1, ¶ 33. As discussed above, there is no allegation that Stajura or O'Donnell made any disclosure whatsoever. Importantly, the initial disclosures occurred prior to the Plaintiff even attending the Academy by persons not named in this suit. See Dkt. 1, ¶¶ 34-37.

### C. Plaintiff does not plead that the Cook County Defendants had a discriminatory animus in Counts II or III.

To meet her burden with respect to her equal protection claim, Plaintiff must go beyond

8

establishing personal involvement (something she failed to do). Indeed, she must establish that the Cook County Defendants' actions had a discriminatory effect or were motivated by a discriminatory purpose. *Chavez v. Illinois State Police*, 251 F.3d 612, 636-637 (7th Cir. 2001). Plaintiff makes no such allegations. There are no facts indicating any of the Cook County Defendants had any animus against Plaintiff, let alone that they were motivated by such animus. There is simply an allegation that Rangel and Cammack told others at the Academy about Plaintiff's transgender status and no allegation that they made such statements with any animosity toward Plaintiff. Notably, she makes no allegation that Stajura or O'Donnell made any statements at all. This court must dismiss her equal protection claims as there is no plausibility to Plaintiff's claims.

**D. Plaintiff does not plead a failure to supervise or protect in Count III.**

Additionally, the failure to protect or supervise claim in Count III should also be dismissed under the standard set forth in *Deshaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989). As stated by the Supreme Court, the state actor does not have the duty "to protect [one's] liberty interests against harms inflicted by other means." *Id.* at 200. Under *Deshaney*, in order to make a claim under the state created danger exception, "a plaintiff must plead facts showing some *affirmative act* on the part of the state that either created a danger to the plaintiff or rendered him more vulnerable to an existing danger." *Stevens v. Umsted*, 131 F.3d 697, 705 (7th Cir. 1997).

Plaintiff's § 1983 claim for due process violations should be dismissed with prejudice because Plaintiff alleges no duty to supervise or protect regarding the Cook County Defendants. Plaintiff does not allege an affirmative act on behalf of Rangel, Cammack, Stajura or O'Donnell that would support the state created danger exception to support her claim.

### III. PLAINTIFF'S *MONELL* CLAIMS AGAINST SHERIFF DART FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED.

Counts I, II and III allege that Sheriff Dart is liable under § 1983 for violations of the Fourteenth Amendment's equal protection and due process clauses. In order to bring official capacity claims under § 1983, a plaintiff must allege that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). "[T]o establish municipal liability, a plaintiff must show the existence of an official policy or other governmental custom that not only causes but is the moving force behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012) (internal quotation marks omitted).

The Complaint contains no allegations of an unconstitutional policy or practice employed at the Sheriff's Office that caused her injury. As to official capacity claims, Plaintiff's rote recitations of "policy" or "practice" do not operate as magic words sufficient to overcome the requirements of *Iqbal* or *Twombly*. Plaintiff must, with facts, identify the policy or practice at issue, and explain how it was the "moving force" behind any alleged constitutional violation.

Additionally, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm'r of Bryan County v. Brown, 520 U.S. 397, 404* (1997); *Polk County v. Dodson,* 454 U.S. 312 (1981). To demonstrate liability for a harmful policy or practice, a plaintiff must show that the defendant was "deliberately indifferent as to [the] known or obvious consequences." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). In this context, deliberate indifference means that "'a reasonable policy maker [would] conclude that the plainly obvious consequences' of the [County's] actions would result in the deprivation of a federally protected right." *Id.*, *citing Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 411 (1997).

In order to impute knowledge to policymakers of a widespread practice, plaintiff must show a pattern of constitutional violations; a single act of misconduct will not suffice. See *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008). A "single-incident" theory of liability can suffice only under a "narrow range of circumstances." *Connick v. Thompson*, 563 U.S. 51, 63 (2011), *quoting Bryan County*, 520 U.S. at 409. However, under a single incident theory, a plaintiff could succeed only if the constitutional violation was a "highly predictable consequence" of an adopted policy. *Id.*

Plaintiff fails to state a plausible claim that Sheriff Dart has any policy that caused Plaintiff's alleged injury. Since there is no pattern of constitutional violations alleged, Plaintiff's claim must be viewed as a "single-incident" theory of liability. See *Connick*, 563 U.S. at 63. However, the alleged harm in the instant case was not even remotely an obvious or "highly predictable consequence" of an alleged policy; therefore, Plaintiff's claim does not fall into the narrow range of circumstances in which a "single-incident" theory can prevail. *Id*.

Moreover, since Plaintiff's equal protection and due process claims against the individual Cook County Defendants fail, Sheriff Dart cannot be liable under *Monell* either, which requires a constitutional deprivation. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[.]" *West v. Atkins*, 487 U.S. 42, 48 (1988). *See Palka v. Shelton*, 623 F.3d 447, 455 (7th Cir. 2010) (because plaintiff's "complaint fails to state a claim for any constitutional violation, the City and County cannot be held liable; a *Monell* claim requires a municipal policy or practice that results in a constitutional deprivation.").

Plaintiff's allegations against Sheriff Dart do not meet the requirements set forth under *Monell* to adequately state a claim under § 1983 and must be dismissed with prejudice.

## IV. PLAINTIFF'S CLAIMS ARE BARRED BY THE QUALIFIED IMMUNITY DOCTRINE.

The doctrine of qualified immunity "protects government officials from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rabin v. Flynn*, 725 F.3d 628, 632 (7th Cir. 2013). If "the rights were clearly established, the official may be liable for monetary damages and the suit proceeds to the next stage. If the rights were not clearly established, then the official is immune from suit and the claim is dismissed." *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). To be clearly established, every reasonable official would have to understand that the conduct violated the plaintiff's rights at the time of the purported violation. *Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014).

In *Chasensky*, the plaintiff alleged that the defendants broadcast her private information related to a bankruptcy filing. *Chasensky v. Walker*, 740 F.3d at 1091-92. The Seventh Circuit found that all that "the defendants allegedly did was publicize the already-published fact that [plaintiff] had filed bankruptcy." *Id.* at 1096.

Here, Plaintiff does not establish that the Cook County Defendants understood that Plaintiff's transgender status was private. Indeed, Plaintiff alleges that the other recruits disclosed her transgender status even before she started at the Academy. See Dkt. 1, ¶¶ 34-40. Based on the Plaintiff's recitation of facts, the only allegation is that the Cook County Defendants did not stop other cadets from sharing Plaintiff's transgender status. See Dkt. 1, ¶45. The Cook County Defendants are protected by qualified immunity because no reasonable official would have understood that the disclosure of Plaintiff's transgender status violated her rights based on the circumstances described in Plaintiff's Complaint. The claims raised against the Cook County Defendants should be dismissed in their entirety based on qualified immunity.

### V. THE ILLINOIS STATE LAW CLAIM (COUNT IV) FOR INVASION OF PRIVACY IS TIME BARRED.

Plaintiff's claim for invasion of privacy is time barred and must be dismissed. Illinois law provides for a one-year statute of limitations for right of privacy actions. 735 ILCS 5/13-201 (West 2020). As argued by Metra in its Motion to Dismiss [Dkt. No. 16], claims for invasion of privacy accrue at the time of first publication. *Founding Church of Scientology of Washington, D.C. v. American Medical Ass'n*, 60 Ill. App. 3d 586, 588 (1978). The Uniform Single Publication Act provides that "no person shall have more than one cause of action for damages for … invasion of privacy." 740 ILCS 165/1. (West 2020). Privacy actions accrue at the time of first utterance of the private information. See 740 ILCS 165/1. A subsequent utterance does not create a subsequent cause of action but may be relevant in computing damages. *Id*. Repeating an original utterance neither creates a new cause of action nor tolls the applicable statute of limitations. *Id*.

Also, the Tort Immunity Act also imposes a one-year statute of limitations on Plaintiff's invasion of privacy claim. The statute applies equally to Cook County, Sheriff Dart, and the individual defendants. See *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (finding that state law claims that are joined with a §1983 claim are governed by the one-year statute of limitations provided for in the Tort Immunity Act against the local government entity and its employees). Plaintiff's claims are time-barred and should be dismissed.

### VI. THE NEGLIGENCE CLAIM (COUNT V) IS BARRED UNDER THE TORT IMMUNITY ACT, IS TIME BARRED AND DOES NOT STATE AN ADEQUATE CLAIM AND MUST BE DISMISSED.

The negligence claim against all Cook County Defendants is barred under the Tort Immunity Act. 745 ILCS §10/8-101(a). The Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*, exists to "protect local public entities and public employees from liability arising from the

operation of government." 745 ILCS 10/1-101(a). The term "'Public Employee' means an employee of a local public entity" and includes officers such as the Sheriff. 745 ILCS 10/1-207; 745 ILCS 10/1-202; *Moy v. County of Cook*, 159 Ill.2d 519, 530-32 (1994). The allegations against all Cook County Defendants arise from their performance of their jobs and should be barred under the Tort Immunity Act. The negligence claims should also be dismissed as time barred for the same reasons argued above in Section I regarding the untimeliness of Plaintiff's complaint based on the date of her purported injury.

Additionally, Plaintiff does not allege a claim for negligence under Illinois law and the claims should be dismissed. In order to state a claim for negligence, the plaintiff must plead that the defendant owed a duty to the plaintiff, that the duty was breached, and that the breach proximately caused the injuries that the plaintiff sustained. *Choate v. Indiana Harbor Belt R.R. Co.*, 2012 IL 112948, ¶ 22. A legal duty is a prerequisite to liability. *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 447 (1996). The existence of a duty is a question of law, and in determining whether a duty existed, the trial court considers whether a relationship between the parties existed that imposed a legal obligation upon one party for the benefit of the other party. *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 215 (1988). Determining whether a duty exists turns in large part on public policy considerations. *Jones v. Chicago HMO Ltd. of Illinois*, 191 Ill. 2d 278, 303-04 (2000). When deciding whether a duty exists, courts consider the reasonable foreseeability of the plaintiff's injury, the likelihood of the occurrence, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant. *Bogenberger v. Pi Kappa Alpha Corp.,* 2018 IL 120951, ¶ 22.

Here, Plaintiff states conclusions of law and not facts to support her claims. The existence of a duty is alleged, but Plaintiff does not set out the required facts to show what the duty is or why

the duty exists. The relationship between Plaintiff and the Cook County Defendants cannot reasonably impose a duty based on the allegations of the Complaint. Plaintiff was employed by Metra. Any claims she may have are against her employer, not the Cook County Defendants.

## VII. THE PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ILLINOIS CIVIL RIGHTS ACT (COUNT VI) AND THE CLAIM IS TIME-BARRED.

Plaintiff does not state a claim under the Illinois Civil Rights Act, 740 ILCS 23/5(a) ("ICRA"). The ICRA prohibits any unit of State, county, or local government in Illinois from excluding a person from participation in, denying a person the benefits of, or subjecting a person to discrimination under any program or activity on the grounds of that person's race, color, national origin, or gender. 740 ILCS 23/5(a)(1) (West 2008). It provides that any party aggrieved by such conduct may bring a civil lawsuit in a federal district court (as a supplemental claim to a federal claim) or in State circuit court against the offending unit of government. Id. § 5(b).

The Plaintiff does not state a claim against the Cook County Sheriff for discrimination because she states no facts to show that she was excluded from participating in the Academy or that she was denied the benefits of the Academy. She does not state facts to show that she was subject to discrimination by the Cook County Defendants. As argued above regarding the §1983 claims, there are no allegations against the Cook County Defendants that support a claim under the ICRA. The mere recitation of the relevant buzzwords contained in the statute is not enough to state a claim under Rule 8(a) and the claim must be dismissed. The claim should also be dismissed because there is no properly alleged federal claim to support the supplemental claim.

Additionally, the ICRA claim is time barred under its two-year statute of limitations and should be dismissed. See 740 ILCS 23/5(b).

### VIII. THE INDEMNIFICATION CLAIM (COUNT VII) MUST BE DISMISSED.

Without any underlying claim, Plaintiff's claim for indemnification should be dismissed. Because there is no underlying individual or official capacity liability, Plaintiff's indemnification claim is groundless.

### CONCLUSION

WHEREFORE, for the reasons explained herein, Defendants Thomas J. Dart, Sheriff of Cook County, Cook County, Marie Rangel, David Cammack, Theodore Stajura, and Timothy O'Donnell, respectfully request that this Court grant its Motion to Dismiss with prejudice and grant any other relief that this Court deems just and proper.

Date: November 2, 2020

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Nazia Hasan*
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3618
Nazia.Hasan@cookcountyil.gov

**CERTIFICATE OF SERVICE**

       The undersigned certifies that on November 2, 2020, she electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system pursuant to Rule 5(b)(2)(E) and LR 5.9.

                                         By:    */s/ Nazia Hasan*