IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SELENE DANIELLE ARRIAGA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2020-cv-4498 |
| v. | ) | |
| | ) | The Honorable Virginia Kendall |
| THOMAS J. DART, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO SHERIFF DEFENDANTS'
MOTION TO DISMISS (Dkt. 31)**

Selene Danielle Arriaga, by and through her undersigned counsels, Cass T. Casper and Gianna Scatchell, DISPARTI LAW GROUP, P.A., respond in opposition to the Sheriff Defendants' Motion to Dismiss (Dkt. 31) ("Motion").

**I.**     **Standards for a Rule 12(b)(6) Motion to Dismiss.**

The purpose of a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In determining a complaint's sufficiency at the Rule 12(b)(6) stage, "we construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [Plaintiff's] favor." *Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1146 (7th Cir.2010) (quotation marks omitted). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Plaintiff is not required to present evidence in his complaint. *Hunt v. Dart*, 07 C 6003, 2010 WL 300397, *4 (N.D. Ill. Jan. 22, 2010) ("Even after *Twombly* and *Iqbal*, a plaintiff doesn't have to come forward with evidence to survive a motion to dismiss."). To survive a motion to dismiss, the plaintiff must allege "sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868

(2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A plaintiff alleging employment discrimination may allege her claims quite generally and only "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" a protected characteristic. *See Tamayo v. Blagojevich*, 526 F.3d 1084 ("Title VII claim was sufficiently plead where plaintiff alleged that "she has been subjected to adverse employment actions by Defendants on account of her gender," listed specific adverse employment actions, and she stated that defendants treated her "differently than similarly situated male employees and exhibited discriminatory treatment against [her] in the terms and conditions of her employment on account of [her] gender"). The *Tamayo v. Blagojevich* court further noted, "'[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of [Federal Rule of Civil Procedure] Rule 8.'" *Id.* at 1081 (*quoting Bennett*, 153 F.3d at 519)).

## II. COUNTS I, II, AND III ARE TIMELY.

Defendants claim that the Section 1983 counts are time-barred because, they claim, she began at the training academy in May 2018 and filed suit on July 31, 2020. (Dkt. 31, p. 4).

The discovery rule applies in this case and facts regarding it are pleaded in the Complaint. In Paragraph 96 she pleads that "Plaintiff discovered many of the Defendants' publications of her private information in July 2020 that were previously unknown to Plaintiff." Dkt. 1, ¶96. She pleads that the Defendant Sheriff took action to hide the full extent of the disclosures of her private medical information. Dkt. 1, ¶¶97-98. "While state law establishes the statute of limitations and any applicable tolling provisions, federal law determines the accrual of her claims." *Doe v. Bd. Of Educ. Of Hononegah Cmty. High Sch.*, 833 F.Supp. 1366 (N.D. Ill. 1993) (citing Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir. 1992) ("*Hononegah*"). "Generally, a

cause of action accrues when a plaintiff knows or has reason to know of the injury giving rise t the cause of action." *Id.* In the Seventh Circuit, a "plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful." *Cunliffe v. Wright*, 51 F.Supp.3d 721, 731 (N.D. Ill. 2014) (quoting *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995)). Here, Plaintiff pleads that she did not know the extent of the disclosures of her transgender status and private medical information until she discovered it in Jult 2020 when the Sheriff filed a termination case of an officer at the Cook County Sheriff's Merit Board. *Hononegah* is instructive because in that case the Court found a claim timely even where the plaintiff knew of abuse, but did not know "of the alleged acts or omissions on the part of defendants" to conceal and cover-up the teacher's alleged misconduct, as follows:

> "The theory of plaintiff's case, however, is not simply that she was sexually abused but that she was abused by a teacher under circumstances created by defendants. In other words, had it not been for defendants' alleged failure to properly take action to prevent abuse by the teacher, plaintiff would not have been abused by him. While she may have known she was abused, there is nothing in the complaint to remotely suggest that she knew or should have known of the alleged acts or omissions on the part of defendants. On the contrary, the fourth amended complaint alleges that defendants took action to conceal or cover-up the teacher's sexual misconduct. Under such alleged circumstances, it is not at all reasonable to expect a minor student to have effectively discovered such efforts by defendants. She certainly would have no reason to know that her constitutional rights had been violated."

*Hononegah*, 833 F.Supp. 1366 at 1376. That is essentially the same as what Plaintiff pleads in this case: she knew she was subjected to jokes in 2018, but she had no idea of the massive extent of the publication and disclosure of her private information, nor of the Sheriff's attempt to cover it up, until July 2020 when a third-party attorney contacted her and revealed it to her. This is why her claim is timely.

Separate and apart from the discovery rule, Plaintiff's claims also benefit from the fraudulent concealment and equitable estoppel rules. *See Smith v. City of Chicago Heights*, 951 F.2d 834 (7th Cir. 1992). Illinois' fraudulent concealment statute

imposes a five-year statute of limitations where a party "liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto." *Id.* at 837. Similarly, "[e]quitable estoppel, sometimes called fraudulent concealment, applies when the defendant takes active steps (including hiding evidence) to prevent the plaintiff from suing in time." *Davila v. City of Chicago*, 2018 WL 5024910, *4 (N.D. Ill. 2018). "The focus is on the defendant's misconduct, but a plaintiff must also show that she reasonably relied on that misconduct and that she filed suit promptly after the conduct that resulted in estoppel was removed." *Id.* Here, Plaintiff has pleaded that Defendants affirmatively covered up the number and extent of the disclosures by failing to disclose such facts to Plaintiff. Dkt. 1, ¶¶97-98. Plaintiff pleads that Defendants were "hiding the information from Plaintiff, not advising her of the publications of her private information, and not doing anything to apprise Plaintiff that the disclosures and publications were occurring behind her back among recruits and command staff at the Police Academy" to the extent that it was occurring. Dkt. 1, ¶98. Accordingly, Plaintiff benefits from the fraudulent concealment statute of limitations as well as equitable estoppel for her claims, and Defendants' Motion should be denied on this basis.

### III. PLAINTIFF ADEQUATELY PLEADED COUNTS I, II, AND III.

Defendants claim that the Complaint does not plead adequate personal conduct by the Sheriff's Defendants. (Dkt. 31, pp.6-8). They are incorrect, the Complaint pleads that the individual Defendants Cammack, Stajura, O'Donnell, Riggio, and Rangel "failed to protect Plaitniff from the malicious anti-transgender conduct, and malicious outings of her private medical transgender status ***" (Dkt. 1, ¶41) and "Defendants Cammack, Stajura, O'Donnell, Riggio, and Rangel failed to supervise staff and cadets at the police academy," (Dkt. 1, ¶42). The Complaint also pleads that Defendant Rangel disclosed Plaintiff's transgender status to Cook County police academy staff, "and even to police chiefs in municipal police departments," (Dkt. 1, ¶33), and contains numerous other references to the individual Defendants disclosing this information. (Dkt. 1, ¶25 ("plaintiff

2

was outed as transgender by Defendants"), ¶30 ("the disclosure of said information by Defendants")). The Complaint also states that "the CCSO Defendants allowing rank-and-file recruits and other employees to joke, taunt, and embarrass Plaintiff about her protected status and corresponding medical conditions, without doing anything to stop such behavior." Dkt. 1, ¶25. It further specifics that "Defendants conduct[ed] an investigation that revealed Plaintiff's private medical information." Dkt. 1, ¶25. Defendants want to grouse that this is not sufficient information, but they plainly have notice of the claim: the individual Defendants (1) disclosed her information, (2) failed to stop others or correct others who disclosed her information, and (3) conducted an ineffective investigation that resulted in even more disclosures of her information. Perhaps Defendants wish that the word "Defendants" had been replaced by their individual names; yet, the word means what it says "Defendant*s*," i.e., Cammack, Stajura, O'Donnell, Riggio, and Rangel. Plaintiff has adequately plead personal conduct.

Defendants also argue that they had no affirmative obligation to ensure that Plaintiff's private medical information was not disclosed. That might be in true outside of the employment discrimination or privacy claim context, but it definitely is not true within those contexts. *See, e.g.*, *Shaw v. Autozone, Inc.*, 180 F.3d 806, 810-11 (7th Cir. 1999) (providing for liability for sexual harassment under Title VII unless an employer can show it exercised reasonable care to prevent and correct promptly sexually harassing behavior and that there were corrective and preventive measures in place) (citing *Burlington Inds., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)); *see also King v. East St. Louis School District 189*, 496 F.3d 812, 817-18 (7th Cir. 2007) (discussing cases regarding a state's duty to protect its citizens); *Grimes v. Cook County, et al.*, 455 F.Supp. 3d 630 (N.D. Ill. 2020) (allowing a claim for wrongful disclosure of private medical information related to transgender status). In light of this precedent, it

is odd indeed for the Defendants to state that they have no duty to prevent Plaintiff's private medical information and transgender status from being disclosed in the public employment context.

Defendants next argue that Plaintiff has not pleaded discriminatory animus. (Dkt. 31, pp. 8-9). Defendants are wrong. Plaintiff pleaded that "Defendants conduct was motivated at least in part by discriminatory animus towards transgender persons and Plaintiff's protected status, because they considered Plaintiff unique or a subject of interest, and because no one in Plaintiff's circumstances had ever attended the Police Academy and they were treating her like she was a sideshow act." (Dkt. 1, ¶54). Plaintiff additionally pleaded that her status and medical information was not a matter of legitimate concern to Defendants, there was no governmental interest in Defendants talking about it, and Defendants' actions in so doing were unreasonable. (Dkt. 1, ¶56). Further, Defendants' case cite to *Chavez v. Illinois State Police*, 251 F.3d 612, 636-37 (7th Cir. 2001) is irrelevant because that case involved a pattern and practice and disparate impact claim in the stop-and-search context with allegations of racial profiling. Beyond that, *Chavez* emphasizes that:

"'Discriminatory purpose' ... implies more than ... intent as awareness of consequences. It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of' ... its adverse effects upon an identifiable group.' " *McCleskey*, 481 U.S. at 298, 107 S.Ct. 1756 (quoting *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979)); *Hearne v. Bd. of Educ. of City of Chi.*, 185 F.3d 770, 776 (7th Cir.1999) (same)."

*Chavez*, 251 F.3d 612 at 645. Plaintiff has pleaded discriminatory animus and discovery will bear it out. (Dkt. 1, ¶54).

Finally, Defendants parrot Metra's argument about inadequately pleading the state-created danger exception in the failure-to-supervise claim. Plaintiff responds by incorporating her arguments in Section II of her Response to the Metra Defendants' Motion to Dismiss.

### IV. PLAINTIFF HAS ADEQUATELY STATED MONELL CLAIMS.

Plaintiff has already responded to this argument in her Response to the Metra Defendants' Motion to Dismiss at Section III. Plaintiff incorporates her argument and citations from that Response as her response here. Plaintiff notes especially that Rangel is pleaded to be the Director

4

of the Police Academy (Dkt. 1, ¶6), and she is alleged repeatedly to have engaged in the dsiclosures, failure to supervise, and failure to protect. (Dkt. 1, ¶¶25, 33, 41, 42, 54). Much like the Metra Defendants' Motion, the Sheriff's Motion does not mention the final policymaker prong of the *Monell* test.

V.     **QUALIFIED IMMUNITY IS NOT APPLICABLE.**

A state official is protected by qualified immunity unless the plaintiff shows, "that the official violated a statutory or constitutional right, and that the right was clearly established at the time of the challenged conduct." *Reed v. Palmer,* 906 F.3d 540, 546 (7th Cir. 2018). 'Clearly established' for purposes of qualified immunity means that, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Schlicher v. Bd. of Fire & Police Comm'rs of Vill. of Westmont*, 363 Ill. App. 3d 869, 882, 845 N.E.2d 55, 66–67 (2006). However, the Seventh Circuit has outlined a "clearly established substantial right in the protection of medical information confidentiality that can only be overcome by a sufficiently strong state interest." *Grimes v. Cty. of Cook*, 455 F. Supp. 3d 630, 640 (N.D. Ill. 2020). Thus, to the extent that the disclosure provided for the release of medical records or communications, the defendant was on notice that this type of information has constitutional protection in this Circuit and that the state cannot require its disclosure without a sufficient countervailing interest. *Id.*

Here, Plaintiff pleads that she has, at all times, sought to keep her transgender status and medical treatments and interventions private. ¶23. Around the time of Plaintiff's initial employment with Defendant Metra and enrollment at the Police Academy, she was undergoing her medical treatments and was "living in stealth" as a transgender male to female person. "Living in stealth" refers to living as a transitioned or transitioning person without disclosing such fact publicly. ¶21.

5

To disclose to a third party that the Plaintiff is transgender and was undergoing transitioning would be tantamount, in the Plaintiff's case, to disclosing private medical conditions and private medical interventions because (1) no one could look or sound like the Plaintiff whose designated sex at birth was male without significant medical interventions, and (2) the combination of surgeries which the Plaintiff had were available only to persons diagnosed with gender identity disorder, now known as gender dysphoria. ¶22.

When Plaintiff disclosed her medical history and transgender status on her Cook County Sheriff's Police Academy ("CCSO") application, she did so with the understanding that such information would be kept confidential. Without any other alternatives but to lie or misrepresent personal facts, Plaintiff disclosed these details as part of CCSO's admission requirements. In furnishing this private information to Defendants, there has never been a significant governmental interest in the disclosure of the Plaintiff's transgender status and confidential medical information. Additionally, as Plaintiff's medical history and transgender status is not a matter of public record, such as a bankruptcy filing, as was at issue in *Chasensky v. Walker* 740 F. 3d 1091-92, Cook County Defendants did not disseminate "already-published facts" previously shared within the public domain. Rather, Cook County Defendants, along with Metra defendants, were the impetus that caused this circulation of confidential information to be perpetuated and shared with rank-and-file recruits and other employees within the CCSO. As a result of Defendants' failure to maintain the confidentiality of Plaintiff's medical history and transgender status – violations of Plaintiff's fundamental liberty interest in keeping such information private - she was subjected to material adverse employment decisions where her terms and conditions were adversely affected by way of a hostile work environment, disclosure of confidential information, sex discrimination, and sexual harassment. ¶44.

VI. **THE STATE LAW INVASION OF PRIVACY CLAIM IS TIMELY.**

6

Defendants next claim that the Plaintiff's claim for invasion of privacy is time barred and must be dismissed, arguing that Illinois provides for a one-year statute of limitations for right of privacy actions that accrue from the time of first publication under the Uniform Single Publication Act, 740 ILCS 165/1, and under the one-year statute in the Tort Immunity Act.

The discovery rule applies in this case and facts regarding it are pleaded in the Complaint. In Paragraph 96 she pleads that "Plaintiff discovered many of the Defendants' publications of her private information in July 2020 that were previously unknown to Plaintiff." Dkt. 1, ¶96. She pleads that the Defendant Sheriff took action to hide the full extent of the disclosures of her private medical information. Dkt. 1, ¶¶97-98. "While state law establishes the statute of limitations and any applicable tolling provisions, federal law determines the accrual of her claims." *Doe v. Bd. of Educ. Of Hononegah Cmty. High Sch.*, 833 F. Supp. 1366 (N.D. Ill. 1993) (citing Wilson v. Gielsen, 956 F.2d 738, 740 (7th Cir. 1992) ("*Hononegah*"). In general, a cause of action "accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action." *Id.* In the Seventh Circuit, a "plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful." *Cunliffe v. Wright,* 51 F. Supp.3d 721, 731 (N.D. Ill. 2014) (quoting *Thelen v. Marc's Big Boy Corp.*, 64 F. 3d 264, 267 (7th Cir. 1995)). Here, Plaintiff is plainly pleading for purposes of the privacy count, that she had no idea that all of the publications and disclosures of her private medical information were made until a third-party attorney sent her a subpoena in July 2020 related to a Merit Board termination case. *See Hononegah*, 833 F.Supp. 1366 at 1376 (discussed, *supra*, pp.4-5). That is essentially the same as what Plaintiff pleads in this case: she knew she was subjected to jokes in 2018, but she had no idea of the massive extent of the publication and disclosure of her private information, nor of the Sheriff's attempt to cover it up, until July 2020 when a third-party attorney contacted her and revealed it to her.

Separate and apart from the discovery rule, Plaintiff's state law privacy claim also benefits from the fraudulent concealment and equitable estoppel rules. *See Smith v. City of Chicago Heights*, 951 F.2d 834 (7th Cir. 1992). Illinois' fraudulent concealment statute imposes a five-year statute of limitations where a party "liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto." *Id.* at 837. Similarly, "[e]quitable estoppel, sometimes called fraudulent concealment, applies when the defendant takes active steps (including hiding evidence) to prevent the plaintiff from suing in time." *Davila v. City of Chicago*, 2018 WL 5024910, *4 (N.D. Ill. 2018). "The focus is on the defendant's misconduct, but a plaintiff must also show that she reasonably relied on that misconduct and that she filed suit promptly after the conduct that resulted in estoppel was removed." *Id.*

Here, Plaintiff has pleaded that Defendants affirmatively covered up the number and extent of the disclosures by failing to disclose such facts to Plaintiff. Dkt. 1, ¶¶97-98. Plaintiff pleads that Defendants were "hiding the information from Plaintiff, not advising her of the publications of her private information, and not doing anything to apprise Plaintiff that the disclosures and publications were occurring behind her back among recruits and command staff at the Police Academy." Dkt. 1, ¶98. Accordingly, Plaintiff benefits from the fraudulent concealment statute of limitations as well as equitable estoppel for her state law claims, and Defendants' Motion should be denied on this basis.

Furthermore, the Defendants claim that the Tort Immunity Act also imposes a one-year statute of limitations on Plaintiff's invasion of privacy claim and applies equally to Cook County, Sheriff Dart, and the individual defendants, citing *Williams v. Lampe*, 399 F. 3d 867, 870 (7th Circuit 2005). However, *Williams* draws a clear distinction with regard to the statute of limitations and their respective claims. "While the two-year period still applies to § 1983 claims against such defendants, *Ashafa v. City of Chicago,* 146 F.3d 459, 462 (7th Cir.1998), the one-year period

8

applies to state-law claims that are joined with a § 1983 claim. *American Nat'l Bank & Trust Co. of Chi. v. Town of Cicero,* No. 01 C 1396, 2001 WL 1631871, *14 (N.D.Ill.2001).

Here, as Plaintiff's claim for invasion of privacy is a state-law claim and was brought against Cook County defendants, it would be untimely under *Williams.* However, federal law determines the accrual of Plaintiff's claims in this matter. *Hononegah*, 833 F. Supp. 1366. As Plaintiff was not made aware of the massive extent of the publication and disclosure of her private information, nor of the Sheriff's attempt to cover it up until July 2020 when a third-party attorney contacted her and revealed it to her, Plaintiff's invasion of privacy claim began to accrue in or about July 2020. Since she filed such claim on July 31, 2020, her claim is timely and Defendants' Motion should be denied on this basis.

### VII. THE NEGLIGLENCE CLAIM (COUNT V) IS NOT PRE-EMPTED BY THE TORT IMMUNITY ACT, IS TIMELY AND SUFFICIENTLY STATES AN ADEQUATE CLAIM.

Defendants next claim that the Plaintiff's claim for negligence is barred under the Tort Immunity Act, 745 ILCS §10/8-101 (a) and must be dismissed, arguing that the Tort Immunity Act serves to protect "public entities and public employees from liability arising from the operation of government." In addition, Defendants claim that Plaintiff's claim for negligence is time barred and does not state an adequate claim.

The Tort Immunity Act provides that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 Ill. Comp. Stat. Ann. 10/2-201. "The burden is on the local government employees to show that they are entitled to immunity under Section 2-201." *Harinek v. 161 N. Clark St. Ltd. P'ship*, 181 Ill. 2d 335, 341 (1998). In order to satisfy this burden, immunity is "dependent upon both the type of position held by the subject employee and the acts carried out or omitted by the

9

employee." *Id.* Municipal defendants are required to establish both of these elements in order to invoke immunity under section 2–201. *Arteman,* 198 Ill.2d at 484–85, 261 Ill.Dec. 507, 763 N.E.2d 756; *Harrison,* 197 Ill.2d at 472, 259 Ill.Dec. 440, 758 N.E.2d 848; *Harinek,* 181 Ill.2d at 341, 230 Ill.Dec. 11, 692 N.E.2d 1177; and *Snyder,* 167 Ill.2d at 474, 212 Ill.Dec. 643, 657 N.E.2d 988. *Van Meter v. Darien Park Dist.,* 207 Ill. 2d 359, 379, 799 N.E.2d 273, 285 (2003). It is only when the governmental entities have met this burden that a plaintiff's right to recovery is barred. *Van Meter v. Darien Park Dist.*, 207 Ill. 2d 359, 370, 799 N.E.2d 273, 280 (2003).

Here, defendants did not demonstrate satisfaction of either prong of the test. They simply sought to invoke immunity by way of the fact that a local government entity – Cook County - employs them. This application is incorrect as immunity is not absolute. Since Defendants failed to meet this burden of proof, Defendants' Motion should be denied on this basis. As previously addressed in relation to Plaintiff's invasion of privacy claim, Defendants' claim that Plaintiff's negligence claim is also time barred is invalid for the reasons articulated as to Counts I, II, and III about the discovery rule, concealment, and estoppel.

Furthermore, Defendants argue that Plaintiff's negligence claim does not state an adequate claim under Illinois law, alleging that Plaintiff has failed to set out the required facts to show what the duty is or why the duty exists. Defendants seek to draw a distinction between Metra Defendants and Plaintiff – as employer/employee - and claim that such employment relationship provides reasonable grounds to impose such a duty on Metra Defendants. Absent the same relationship, Defendants argue that an imposition of a duty on Cook County Defendants is unreasonable. The existence of a duty is a question of law, and in determining whether a duty existed, the trial court considers whether a relationship between the parties existed that imposed a legal obligation upon one party for the benefit of the other party. *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 215 (1988). Even if no such legal duty exists, the determination often turns in large part on public

10

policy considerations. *Jones v. Chicago HMO Ltd. of Illinois*, 191 Ill. 2d 278, 303-304 (2000). "The reasonable foreseeability of the plaintiff's injury, the likelihood of the occurrence, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant" are often factors examined in making this determination. *Bogenberger v. Pi Kappa Alpha Corp.*, 2018 IL 120951.

Here, Plaintiff has demonstrated that as a result of Defendant's failure to safeguard her private information concerning her medical history and transgender status, this information --which she has sought to keep confidential at all times – was not only disclosed, but shared on a massive scale with rank-and-file recruits and employees at CCSO. In considering public policy factors, Defendants knew or should have known that the disclosure of such personal information would unequivocally violate Plaintiff's fundamental liberty interest in keeping such information private and that such disclosure would inevitably lead to ridicule, a hostile work environment, sexual harassment, sex discrimination – causing material adverse employment for Plaintiff. The Motion should be denied on this basis as well.

**VIII. THE ICRA CLAIM IS SUFFICIENT AND TIMELY (COUNT VI).**

Defendant Sheriff next claims that the Plaintiff fails to state a claim under the Illinois Civil Rights Act, 740 ILCS 23/5 (a) ("ICRA"). The ICRA prohibits any unit of State, county, or local government in Illinois from excluding a person from participation in, denying a person the benefits of, or subjecting a person to discrimination under any program or activity on the grounds of that person's race, color, national origin, or gender. 740 ICLS 23/5(a)(1) (West 2008). Additionally, Defendant Sheriff argues that the ICRA claim is time barred under its two-year statute of limitations. For the reasons set forth above about the timeliness of Counts I, II, and III, the Motion should be denied.

11

## CONCLUSION

For the foregoing reasons, the Sheriff Defendants' Motion (Dkt. 31) should be denied in its entirety, and this Court grant such other relief as it deems just and proper. In the event that the Court should grant any portion of the Sheriff Defendants' Motion to Dismiss, Plaintiff requests leave to amend.

Respectfully submitted,

**SELENE DANIELLE ARRIAGA**

*/s/ Cass T. Casper*
_____
One of her Attorneys

Cass T. Casper, Esq.
Gianna Scatchell, Esq.
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 351-2478
E: ccasper@dispartilaw.com
E: gia@dispartilaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused to be served the foregoing Plaintiffs' Response to Sheriff Defendants' Motion to Dismiss on all counsel of record via this Court's CM/ECF filing system on November 24, 2020, and that all such counsels are registered e-filers.

*/s/ Cass T. Casper*
_____